IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HANI S. TADROS, <br><br> Defendant. | Civil Action No.: <br><br> FILED <br> APRIL 11, 2008                    YM <br> 08CV2093 <br> JUDGE GETTLEMAN <br> MAGISTRATE JUDGE KEYS |

## COMPLAINT

Plaintiff, The Prudential Insurance Company of America (hereinafter, "Prudential"), a corporation of the State of New Jersey, with its principal place of business located therein at 751 Broad Street, Newark, New Jersey, by way of its Complaint says:

## NATURE OF THE ACTION

1. This is an action to rescind Policy No. 77 616 919, an Estate Whole Life contract with a face value of $100,000 (hereinafter the "Policy") issued to Hani S. Tadros (hereinafter, "Tadros" or "Defendant") on February 1, 1992. The Policy lapsed with a paid to date of December 1, 2000. In April of 2006, Tadros applied for a reinstatement of the Policy and certified on his application forms that he had not suffered any disability between the time of the lapse of the policy and the time of the application for reinstatement. Based on this information, Prudential reinstated the Policy.

2. In October of 2006, Tadros submitted a claim for disability, citing tingling and numbness in his hands, and neck pain, beginning in November of 2004. This sparked an investigation, in which Prudential learned through medical records that Tadros had not disclosed

a previous diagnosis of disability, in March of 2001, due to Carpal Tunnel Syndrome. Tadros did not disclose these material facts about his medical history and the condition of his health on his application for reinstatment, which he certified to be true at the time it was made.

3. Prudential relied on Tadros' representations in deciding to reinstate the Policy, and would not have done so had it been aware of the true facts concerning Tadros' medical history and condition. Accordingly, Prudential is entitled to rescind the Policy.

## THE PARTIES

4. The Prudential Insurance Company of America is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. Prudential is licensed to write insurance policies in the State of Illinois.

5. Defendant Hani S. Tadros, on information and belief, resides at 30 Ruffled Feathers Drive, Lemont, Illinois, 60439-7746, and is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the adverse parties.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district, and defendant is a citizen of this jurisdiction.

## FACTUAL BACKGROUND

8. On or about February 1, 1992, Tadros applied for and was granted policy No. 77 619 919, an Estate Whole Life contract, with a face value of $100,000. From November 1, 1993,

to April 1, 2000, due to an unrelated disability, the premiums were paid by the waiver of premium benefit.

9. Beginning in April of 2000, Prudential requested additional information from Tadros to verify his continuing eligibility for the waiver of premium benefit.  After no response was received after multiple attempts to gather information, Prudential notified Tadros in August of 2000 that he would need to pay premiums dating back to May 1, 2000.

10. On August 31, 2000, the Policy lapsed with a paid to date of May 1, 2000.  On November 9, 2000, Tadros requested and received a reinstatement of the Policy with a paid to date of December 1, 2000, but then allowed it to lapse again.

11. On April 11, 2006, Tadros again applied for reinstatement of the Policy.  Tadros completed and signed the reinstatement application, (hereinafter the "Application"), in the State of Illinois.  A true and correct copy of the Application received by Prudential is attached hereto as Exhibit A.

12. The Application asked Tadros certain questions about, among other things, his health and medical history.  In the Application, Tadros made the following representations:

    a. he had not "been diagnosed with or treated by a member of the medical profession for: any disorder of the brain or nervous system."

    b. he had no "disease, disorder or condition not previously mentioned."

13. Tadros also represented that he had " in the last five years, had . . . surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, blood tests, urine tests, etc," and disclosed that he had a hernia operation in 2005.  He did not disclose any testing or treatment performed as a result of the Carpal Tunnel Syndrome.

14. In the Application, Tadros stated that he understood, certified, and affirmed that:

    a.    "[t]o the best of his knowledge and belief, the statements in this application . . . are complete, true and correctly recorded"; and

    b.    he would "inform [Prudential] of any changes to any answers on this application, prior to reinstatement of this policy."

15.    The signature of Tadros was witnessed by Prudential Representative Eugenia C. Taylor.

16.    The representations made by Tadros in the Application were material to Prudential's decision to reinstate the Policy because they contributed to establishing the predicted mortality date for the insured, which is the contingency or event on which the Policy is to become due and payable. Additionally, they contributed to an inaccurate assessment of risks by Prudential both for payment on the Policy and likelihood of receiving future premium payments. *See* Ill. Rev. Stat. ch. 73, p 766.

17.    Prudential reinstated the Policy with a reinstatement date of April 11, 2006, relying on the representations that Tadros affirmed in his Application in making its decision.

18.    The Policy carried a face insurance amount of $100,000.00.

19.    The Policy stated that, "[t]his policy and any attached copy of an application, including an application requesting a change, form the entire contract. We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them; . . . . We rely on those statements when we issue the contract and when we change it. We will not use any statement, unless made in an application, to try to void the contract, to contest a change, or deny a claim."

20.    The Application further provided that Prudential could contest the reinstatement within two years of the reinstatement date.

21. In October of 2006, Tadros submitted a claim for a waiver of premium based on disability. An Attending Physician's Statement of Disability, as well as a recorded telephone call with Prudential Disability Claims Examiner Victoria Adamsky indicated that Tadros had become disabled as of November of 2004 due to neck pain and tingling and numbness in his hands.

22. Tadros represented in his Application that he had not "been diagnosed with or treated by a member of the medical profession for: any disorder of the brain or nervous system." The medical records of Dr. Michael Hausch, however, show that Tadros was diagnosed as disabled with Carpal Tunnel Syndrome as of March of 2001.

23. Tadros represented in his Application that he had no "disease, disorder or condition not previously mentioned." The medical records, however, show that his disability due to Carpal Tunnel Syndrome was first diagnosed in March of 2001.

24. If Prudential had known the truth about the condition of Tadros health and his medical history, it would not have reinstated the Policy.

25. Pursuant to the Policy terms permitting Prudential to contest the Policy reinstatement within two years of the date of issuance, by letter dated September 27, 2007, Prudential informed Tadros that the reinstatement was being rescinded due to the material misrepresentations made in the Application. Prudential has returned all premiums collected on this policy since 2006 in the form of Prudential check number 1641274034, in the amount of $10,324.78, issued March 7, 2008. A true and correct copy of the September 27, 2007 letter sent to Tadros is attached hereto as Exhibit B.

26. Tadros, as of this date, has not cashed the check.

## CAUSE OF ACTION (RESCISSION)

27. Plaintiff hereby re-alleges Paragraphs 1 through 26.

28. As detailed in Paragraphs 12 and 13, Tadros in his Application made numerous misrepresentations and omissions of the true state of his medical condition.

29. Each misstatement and omission made by Tadros in his Application is material because they affect the risks taken by Prudential in its decision to reinstate the Policy. *See* Ill. Rev. Stat. ch. 73, p 766.

30. Plaintiff Prudential relied on the truth of the statements made by Tadros in his Application in making the decision to reinstate the Policy.

31. Had Pruco known the true state of the facts misrepresented by Tadros it would not have reissued the Policy.

32. Accordingly, the Policy is void ab initio as of the reinstatement date of April 11, 2006, and Prudential is entitled to a rescission of the Policy.

1-CH/211618.1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Prudential hereby requests the entry of a final judgment granting the following relief:

    a.    Rescission of the Policy;

    b.    A declaration that the Policy is void ab initio as of the reinstatement date of April 11, 2006 and unenforceable.

    c.    Reasonable attorney's fees expended in connection with this action;

    d.    Its costs of suit in this action; and

    e.    Such other and further relief as the Court deems just and proper.


Dated:  April 11, 2008        Respectfully submitted,


        /s/ Mitchell K. Rovner

One of the Attorneys for Plaintiff
The Prudential Insurance Company of America

Mitchell K. Rovner
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60601
Tel: (312) 324-1000
Fax: (312) 324-1001
mrovner@morganlewis.com

# Exhibit List

Exhibit A    Application for Reinstatement, dated April 3, 2006

Exhibit B    Letter from Prudential to Hani S. Tadros, dated September 27, 2007

```
08CV2093
JUDGE GETTLEMAN   YM
MAGISTRATE JUDGE KEYS
```

1-CH/211792.1

# Exhibit A

## Prudential Financial

☐ The Prudential Insurance Company of America
☐ Pruco Life Insurance Company, a subsidiary of
The Prudential Insurance Company of America

**Application for Reinstatement**

*7047.38*
*4874*
*AM*
*4-11-06*
*$7047.38*

Please print using blue or black ink.

**1. About Your Policy**
*(To be completed by Policyowner)*

Policy number *(Eight or nine characters. Leave empty space if eight.)*
77616919

First name of insured: Hani
MI: S
Last name: Tadros

**2. About You**
*(To be completed by Policyowner)*

First name of policyowner *(Enter "same" if same as insured.)*: SAME
MI:
Last name:

Policyowner's current mailing address: 30 Ruffled Feathers DR
Apt.:

City: Lemont
State: IL
ZIP code: 60439

Policyowner's daytime telephone number:
Evening telephone number: 630 257-1988

First name of joint owner *(if any)*:
MI:
Last name:

**3. About Other Insureds**
*(To be completed by Policyowner)*

Use this section to provide information on the primary insured's spouse and children. The following information must be provided for each person for whom you are applying for coverage to be reinstated.

1. Please provide each family member's name (first, initial, last), relationship to the primary insured, sex (M/F), date of birth (MM/DD/YYYY), and age.

_____
_____
_____

2. Has any family member died since the first missed premium due date or the date of default? If yes, please give the person's name and date of death below.   ☐ Yes   ☐ No

3. Are any children named above
   a. foster children or children whose legal adoption has not yet been made final?   ☐ Yes   ☐ No
   b. not living in the insured's household?   ☐ Yes   ☐ No
   c. dependent on someone other than the insured?   ☐ Yes   ☐ No

4. If Applicant's Waiver of Premium (AWP) benefit is to be reinstated, please list the name of the applicant under AWP. _____

**4. Physical Measurements**
*(To be completed by Primary Insured)*

| | Height | Weight |
|---|---|---|
| Primary insured | 5' 8" | 190 |
| Second insured | | |
| AWP applicant | | |

COMB 6641 - 1999    IL/MT/NC/ND/UT/VA
Page 1 of 6
Return this page to Prudential

**5 Background on Insureds**
*(To be completed by Primary Insured)*

1. Has either the primary insured or covered spouse (if any) ever used tobacco or other nicotine products such as cigarettes, cigars, pipe, chewing tobacco, snuff, nicotine gum or nicotine patch?  ☐ Yes  ☒ No
*(If Yes, provide date when last used and indicate all types of products.)*

| | Date (mo., yr.) | Product or products |
|---|---|---|
| Primary insured | | |
| Covered spouse | | |

2. What are the occupation and duties of the primary insured? REAL ESTATE BUSINESS OWNER

3. a. What is the name, address and phone number of the primary insured's current employer? BURBANK APARTMENT LLC, 5137 W. 79th ST, BURBANK, IL

   b. Employed since (month/year) 6/05

4. If the primary insured is employed less than two years with the current employer, what is the name and address of the previous employer? HNT CORP, OAK LAWN, IL

The following information must be provided for each person for whom you are applying for coverage to be reinstated.

5. Within the last two years, has any insured done or does he or she plan to do the following:
   a. operate or have any duties aboard an aircraft, glider, balloon or similar device? ☐ Yes ☒ No
   b. participate in hazardous sports, such as auto, motorcycle, snowmobile or powerboat competitions/exhibitions, scuba diving, mountain climbing, parachuting, skydiving or any other such sport or hobby? ☐ Yes ☒ No

6. Is any insured applying for or requesting reinstatement or policy change(s) of any other life or health insurance policy? *(If Yes, provide insurance company, type of policy and amount.)* ☐ Yes ☒ No

7. Has any insured been convicted of, or currently charged with, the commission of any criminal offense – other than the violation of a motor vehicle law – within the last 10 years? *(If Yes, provide details.)* ☐ Yes ☒ No

8. In the last 3 years, has any insured
   a. had a driver's license denied, suspended or revoked? ☐ Yes ☒ No
   b. been convicted of or cited for driving under the influence of alcohol or drugs? ☐ Yes ☒ No
   *(If Yes to any of the above, provide details, for denial, suspension or revocation, include type of violation.)*

9. Does any insured plan to live or travel outside the United States or Canada within the next 12 months? *(If Yes, list countries and purpose and duration of each trip.)* ☐ Yes ☒ No

10. If the insured or any covered person has changed his or her last name in the last five years, give:
    Current name _____ Previous name _____
    This will not change your name on the policy. If you want to change your name, please contact our Customer Service Office.

CDMB 6641 - 1999   IL/MT/NC/ND/UT/VA   Page 2 of 6
Return this page to Prudential

## Part 2. Medical Information

**6 Medical Information**
*(To be completed by Primary Insured)*

In questions 2-10, the information must be provided for each person for whom you are applying for coverage to be reinstated.

1. Family record

| | Current age or age at death | Year and cause of death | | Current age or age at death | Year and cause of death |
|---|---|---|---|---|---|
| Father | 89 | | Mother | 79 | |
| Brother | 65 | | Sister | 65 | |
| Brother | 64 | | Sister | 58 | |
| Brother | 62 | | Sister | 55 | |

2. Has anyone been diagnosed with or treated by a member of the medical profession for
   a. chest pain or any disorder of the heart or blood vessels?  ☐ Yes  ☒ No
   b. high blood pressure?  ☐ Yes  ☒ No
   c. cancer, tumor, leukemia, melanoma or lymphoma?  ☐ Yes  ☒ No
   d. diabetes or high blood sugar?  ☐ Yes  ☒ No
   e. mental or psychiatric illness?  ☐ Yes  ☒ No
   f. Acquired Immune Deficiency Syndrome (AIDS) or AIDS-Related Complex (ARC)? (Maine: this question may be answered No if an individual has tested HIV positive and does not have symptoms of the disease AIDS, such as dry coughs, skin lesions, weakness, fatigue, weight loss or loss of appetite.)  ☐ Yes  ☒ No
   g. infection caused by the Human Immunodeficiency Virus (HIV)? (Not applicable in California, Connecticut and Maine. Wisconsin: AIDS virus HIV antibody testing is limited to FDA-licensed enzyme immunoassay and confirmatory HIV antibody tests.)  ☐ Yes  ☒ No
   h. any sexually transmitted diseases?  ☐ Yes  ☒ No
   i. asthma or any disorder of the lungs?  ☐ Yes  ☒ No
   j. any disorder of the brain or nervous system?  ☐ Yes  ☒ No
   k. hepatitis or any disorder of the liver, stomach or intestines?  ☐ Yes  ☒ No
   l. any disorder of the kidney or urinary tract?  ☐ Yes  ☒ No

3. Other than above, is anyone currently taking prescription medication?  ☒ Yes  ☐ No

4. Other than above, has anyone
   a. been a patient in a hospital or other medical facility?  HA ☒ Yes ☒ No  *OUTPATIENT*
   b. in the last five years, had or been advised to have surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, X-rays, blood tests, urine tests, etc.?  ☒ Yes  ☐ No

5. Has anyone
   a. used, or is he or she now using, cocaine, amphetamines, marijuana, heroin or other drugs, except as prescribed by a member of the medical profession?  ☐ Yes  ☒ No
   b. had or been advised to have treatment or counseling for alcohol or drug use?  ☐ Yes  ☒ No

6. Does anyone have any disease, disorder or condition not previously mentioned?  ☒ Yes  ☐ No

7. Has anyone had life or health insurance declined, postponed or issued with an increased premium? (Missouri: this question may be answered No if an individual has been declined for coverage.)  ☐ Yes  ☒ No

8. Is anyone currently unable to perform his or her normal daily activities or all normal occupational duties on a full-time basis at the customary place of employment?  ☒ Yes  ☒ No

9. Has anyone requested or received disability or compensation benefits?  ☐ Yes  ☒ No

**Part 2. Medical Information**

**6 Medical Information (continued)**

10. Details of "Yes" answers for questions 2-9

| Question number and name of person insured | Indicate illness, reason for hospitalization, checkup, medication and any advice or treatment given by a medical professional | Dates and duration of illness | Name, address and telephone number of medical professionals and hospitals |
|---|---|---|---|
| #4 HANI | OUTPATIENT HERNIA OPERATION IN NOVEMBER 2005 | | DR. WIRE, GENERAL SURGERY UNIV OF CHICAGO |
| #3 HANI | ZOCOR OF 20MG SINCE 1988 FOR HIGH CHOLESTEROL | | |
| #3 HANI | AMITRIPTYLINE OF 25MG SINCE 1999 FOR SLEEP ASSISTANCE AS NEEDED FOR MIGRAINES | | |

For additional medical details, use a blank sheet of paper.

**7 Physician Information** (To be completed by Primary Insured)

**Primary insured**

Physician last consulted

Name  DR SORRENTINO
Address  UNIVERSITY OF CHICAGO
(street address)
CHICAGO  IL
(city, state, ZIP)

Telephone number  773-702-1000   Date last seen  12/1/2005
                                                 month day year

Reason last seen (if other than reason in section 6)  ROUTINE CHECKUP

**Covered spouse or applicant for Applicant's Waiver of Premium (AWP)**

Physician last consulted
Name  SAME AS ABOVE
Address _____
(street address)
_____
(city, state, ZIP)
Telephone number _____  Date last seen __/__/__
                                         month day year
Reason last seen (if other than reason in section 6) _____

COMB 6641 - 1999    IU/MT/NC/ND/UT/VA    Page 4 of 6
Return this page to Prudential

**8 Signature(s)** By signing this form, I *affirm*, understand, and agree to the following:

- To the best of my knowledge and belief, the statements in this application, as well as any forms that the Company designates to be part of the application and that are attached to the policy, are complete, true and correctly recorded.
- The Company will not contest this reinstatement request after the end of two years from the date of reinstatement, subject to the conditions and exceptions stated in the policy.
- I will inform the Company of any changes to any answers on this application, prior to reinstatement of this policy.
- I have received and read the **Instructions** and the **Important Notice About Your Application for Reinstatement.**
- I understand that this application, if approved, will automatically restore all supplementary benefits and policy riders, unless I specify otherwise.
- Not applicable in Arizona, Oregon, and Vermont:
  Any person who knowingly and intentionally gives false or deceptive information when completing an application for insurance or filing a claim, for the purpose of defrauding an insurance company:
  - may have committed fraud, or may have violated state law,
  - **Arkansas, Hawaii, New Mexico**, and **Virginia:** may be subject to fines, denial of insurance benefits, or confinement in prison,
  - **Colorado:** penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

Signed at  LEMONT, IL
(city, state)

X _[signature]_   04 03 2006
Primary insured's signature, if age 15 or over, and date    month day year

X _[signature]_   04 03 2006
Policyowner's signature and date    month day year

X _____    __ __ ____
Joint owner's signature (if applicable) and date    month day year

X _____    __ __ ____
Insured spouse's signature (if coverage on this person is to be reinstated) and date    month day year

X _[signature]_   04 03 2006
Applicant's signature (if Applicant's Waiver of Premium Benefit is to be reinstated) and date    month day year

- For corporations, please show the company's name and submit the signature and title of the authorized officer. If the signing officer is (a) the president, no additional requirements apply; (b) the vice president, and the amount is more than $250,000, please provide a Secretary statement that the vice president has the authority to sign; (c) any other officer, and the amount is more than $250,000, please provide a corporate resolution authorizing the change. If the amount is $250,000 or less please provide a corporate seal or the corporate resolution.
- For partnerships, please show the company's name and submit:
  (a) The signature of all partners with title "partner" after each, and
  (b) A statement from one of the partners, other than the insured, that all partners have signed.
- For sole proprietorships, please submit:
  (a) The signature of the owner, followed by "doing business as the (company name)," and
  (b) A statement from the owner that the business is a sole proprietorship.
- For trusts, each trustee must sign unless the trust itself or state law provides otherwise. Trustee must include trustee designation (e.g., "John Doe, Trustee under Trust Agreement dated 1/1/98").

COMB 6641 - 1999    IL/MT/NC/ND/UT/VA    Page 5 of 6
Return this page to Prudential

# Exhibit B

Complaint Operations 3/18/2008 10:52:06 AM [Eastern Daylight Time]

# Prudential Financial

Customer Service Office
PO Box 13902
Philadelphia, PA 19176
(800) 496-1035
www.prudential.com

HANI S TADROS
30 RUFFLED FEATHERS DR
LEMONT IL 60439-7746

Insured: Hani S Tadros
Policy Number: 77 616 919

September 27, 2007

Dear Mr Tadros.

As you may recall, you submitted a claim for the Waiver of Premium Benefit. We conduct a review when a claim is submitted within the first two years after coverage was reinstated. The policy listed above was reinstated effective June 12, 2006.

During our review, we learned that you had become disabled and stopped working due to your disability for carpal tunnel and pain in your neck related to a disc problem in March 2001 after the last day of the grace period January 1, 2001. If this information had been included on the application for reinstatement, we would have denied the reinstatement. Therefore, we are canceling the reinstatement under this policy and denying your claim for the Waiver of Premium Benefit.

Shortly, you will receive a check in the amount of $ 11,232.92, which equals the total premiums payment made on the policy as of the reinstatement date of June 12, 2006, plus interest of $ 560.92. In addition, your policy is being returned to its position prior to the reinstatement date. I have also enclosed a copy of the signed application for reinstatement for your information.

At this time, you have three options available to you, the Cash Surrender option, Reduced Paid-Up option and the Extended Insurance option. The options are listed below for your consideration.

- You can cash surrender the policy and receive $ 8,610.68. If you choose this option, the policy will be cancelled and there will be no further value.
- Another choice available is the Reduced Paid-Up Option. This option uses your policy values at the time of the lapse to purchase a smaller amount of whole life insurance that requires no additional premiums to be paid. Under this option, this policy will provide whole life insurance in the amount of $ 29,050.00
- The third option you have for this policy is the Extended Insurance Option. This option uses your policy values at the time of the lapse to purchase level term insurance. The extended insurance amount under this policy is $ 100,800.03 and will provide coverage until July 12, 2015 when it will expire.

I've enclosed an extra copy of this letter along with a return envelope for your response. Please indicate which option you choose and return it to us in the enclosed envelope. Upon receipt of this information, we will adjust the policy records accordingly.

*Life Insurance is issued by The Prudential Insurance Company of America, Pruco Life Insurance Company (except in NY), or Pruco Life Insurance Company of New Jersey (in NY and NJ)*

Complaint Operations 3/18/2008 10:52:06 AM [Eastern Daylight Time]

03/10/2008 15:14 FAX 847 564 0871    O S & L    ☒008

It's important that you understand your rights concerning our decision. You are entitled to know the specific information we used and the source of that information. You have the right to ask us, in writing, to correct, amend or delete any personal information in our file that you think is inaccurate. If we disagree, you can give us a statement of what you believe is the correct information. We will place your statements with our records where it will be seen during any review of our records.

If you want more information about our decision, you need to send us your request, in writing, within 50 days of the date of this letter

If you have any questions, please call our Customer Service Office at (800) 496-1035, Monday through Friday, 8:00 a.m. to 9:00 p.m., Eastern time. You can also reach us on Saturdays, between 8:00 a.m. and 3 00 p.m., Eastern time. If you are using a telecommunications device for the hearing impaired, please call at (800) 778-8633, Monday through Friday, 8.00 a.m. to 8:00 p.m., Eastern time. One of our customer service representatives will be happy to help you.

Sincerely,

*Victoria Adamsky*

Victoria Adamsky
Disability Claim Examiner