## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | **Civil No. 08 cv 2093** |
| | ) | |
| **Plaintiff.** | ) | **Hon. Robert W. Gettleman** |
| | ) | |
| **vs.** | ) | **Magistrate Judge Keys** |
| | ) | |
| HANI S. TADROS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Defendant Hani S. Tadros ("Tadros" or "Defendant"), by and through his attorneys, hereby responds Plaintiff's Complaint and states as follows:

## NATURE OF THE ACTION

1.      This is an action to rescind Policy No. 77 616 919, an Estate Whole Life contact with a face value of $100,000 (hereinafter the "Policy") issued to Hani S. Tadros (hereinafter, "Tadros" or "Defendant") on February 1, 1992.  The Policy lapsed with a paid to date of December 1, 2000.  In April of 2006, Tadros applied for a reinstatement of the Policy and certified on his application forms that he had not suffered any disability between the time of the lapse of the policy and the time of the application for reinstatement.  Based on this information, Prudential reinstated the Policy.

**ANSWER:**     Tadros admits that Prudential filed this action in an effort to rescind the referenced Policy that was issued to Tadros on February 1, 1992.  Tadros admits that on or about December 1, 2000, the Policy lapsed.  Tadros admits that in April 2006 he applied for and was granted a reinstatement of the policy.  Tadros denies the remaining allegations contained in the third sentence of Paragraph 1.  Tadros is without sufficient information with which to admit or

deny the basis for which Prudential reinstated the policy and therefore denies same. Tadros denies the remaining allegations contained in Paragraph 1.

2.     In October of 2006, Tadros submitted a claim for disability, citing tingling and numbness in his hands, and neck pain, beginning in November of 2004. This sparked an investigation, in which Prudential learned through medical records that Tadros had not disclosed a previous diagnosis of disability, in March of 2001, due to Carpal Tunnel Syndrome. Tadros did not disclose these material facts about his medical history and the condition of his health on his application for reinstatement, which he certified to be true at the time it was made.

**ANSWER:**     Tadros admits that in or around October 2006 he submitted a claim for disability for a back injury that was previously disclosed to Prudential. Tadros specifically denies that Carpal Tunnel Syndrome was the basis for his disability claim and specifically denies that he failed to disclose the medical condition that was the basis for his disability claim. Tadros is without sufficient information with which to admit or deny the remaining allegations contained in Paragraph 2 and therefore denies same.

3.     Prudential relied on Tadros' representation in deciding to reinstate the Policy, and would not have done so had it been aware of the true facts concerning Tadros' medical history and condition. Accordingly, Prudential is entitled to rescind the Policy.

**ANSWER:**     Tadros is without sufficient information with which to admit or deny the basis for which Prudential reinstated the policy and therefore denies same. Tadros specifically denies that Prudential was without the "true facts concerning Tadros' medical history and condition," when it chose to reinstate the Policy. The second sentence in Paragraph 3 states a legal conclusion for which no response is necessary or appropriate. To the extent that a response to the second sentence in Paragraph 3 is necessary, Tadros denies same. Tadros denies the remaining allegations contained in Paragraph 3.

## THE PARTIES

4.      The Prudential Insurance Company of America is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.  Prudential is licensed to write insurance policies in the State of Illinois.

**ANSWER:**    Tadros is without sufficient information with which to admit or deny the

allegations contained in Paragraph 4 and therefore denies same.

5.      Defendant Hani S. Tadros, on information and belief, resides at 30 Ruffled Feathers Drive, Lemont, Illinois, 60439-7746, and is a citizen of the State of Illinois.

**ANSWER:**    Tadros admits the allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and these is complete diversity of citizenship between the adverse parties.

**ANSWER:**    Tadros admits that this Court has jurisdiction over this matter.

7.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district, and defendant is a citizen of this jurisdiction.

**ANSWER:**    Tadros admits that Venue in this District is appropriate.

## FACTUAL BACKGROUND

8.      On or about February 1, 1992, Tadros applied for and was granted policy No. 77 619 919, an Estate Whole Life contract, with a face value of $100,000.  From November 1, 1993, to April 1, 2000, due to an unrelated disability, the premiums were paid by the waiver of premium benefit.

**ANSWER:**    Tadros admits the allegations contained in the first sentence of Paragraph 8.

Tadros admits that from November 1, 1993 until April 1, 2000, the premiums on the Policy were

paid by the waiver of premium benefit.  Tadros denies that this disability is unrelated to this

matter and denies the remaining allegations contained in Paragraph 8.

3

9.      Beginning in April of 2000, Prudential requested additional information from Tadros to verify his continuing eligibility for the waiver of premium benefit.  After no response was received after multiple attempts to gather information, Prudential notified Tadros in August of 2000 that he would need to pay premiums dating back to May 1, 2000.

**ANSWER:**     Tadros is without sufficient information with which to admit or deny the

allegations contained in Paragraph 9 and therefore denies same.

10.      On August 31, 2000, the Policy lapsed with a paid to date of May 1, 2000.  On November 9, 2000, Tadros requested and received a reinstatement of the Policy with a paid to date of December 1, 2000, but then allowed it to lapse again.

**ANSWER:**     Tadros is without sufficient information with which to admit or deny the

allegations contained in Paragraph 10 and therefore denies same.

11.      On April 11, 2006, Tadros again applied for reinstatement of the Policy.  Tadros completed and signed the reinstatement application (hereinafter the "Application"), in the State of Illinois.  A true and correct copy of the Application received by Prudential is attached hereto as Exhibit A.

**ANSWER:**     Tadros admits that he applied for reinstatement of the Policy in April of 2006.

The Application is dated April 3, 2006, however.  Tadros admits that Exhibit A to Plaintiffs'

Complaint appears to be a true and correct copy of the Application.

12.      The Application asked Tadros certain questions about, among other things, his health and medical history.  In the Application, Tadros made the following representations:

a.      he had not "been diagnosed with or treated by a member of the medical profession for: any disorder of the brain or nervous system."

b.      he had no "disease, disorder or condition not previously mentioned."

**ANSWER:**     Tadros admits that the Application asked certain questions to which Tadros gave

answers.  However, Plaintiff misstates Tadros' answers in the Application.  Tadros refers to the

text of the Application for its full and complete terms and denies any characterizations contrary

thereto.

4

13.    Tadros also represented that he had " in the last five years, had…surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, blood tests, urine tests, etc," and disclosed that he had a hernia operation in 2005.  He did not disclose any testing or treatment performed as a result of Carpal Tunnel Syndrome.

**ANSWER:**    Tadros refers to the text of the Application for its full and complete terms and denies any characterizations contrary thereto.

14.    In the Application, Tadros stated that he understood, certified, and affirmed that:

    a.    "[t]o the best of his knowledge and belief, the statements in this application…are complete, true and correctly recorded"; and

    b.    he would "inform [Prudential] of any changes to any answers on this application, prior to reinstatement of this policy."

**ANSWER:**    Tadros refers to the text of the Application for its full and complete terms and denies any characterizations contrary thereto.

15.    The signature of Tadros was witnessed by Prudential Representative Eugenia C. Taylor.

**ANSWER:**    Tadros is without sufficient information which to admit or deny the allegations contained in Paragraph 15 and therefore denies same.

16.    The representations made by Tadros in the Application were material to Prudential's decision to reinstate the Policy because they contributed to establishing the predicted mortality date for the insured, which is the contingency or event on which the Policy is to become due and payable.  Additionally, they contributed to an inaccurate assessment of risks by Prudential both for payment on the Policy and likelihood of receiving future premium payments.  *See* Ill. Rev. Stat. ch. 73, p 766.

**ANSWER:**    Tadros is without sufficient information which to admit or deny the allegations contained in Paragraph 16 and therefore denies same.  Answering further, Tadros denies the implication that he made any misstatements that would lead to an "inaccurate assessment of risks."

17.    Prudential reinstated the Policy with a reinstatement date of April 11, 2006, relying on the representations that Tadros affirmed in his Application in making its decision.

**ANSWER:**    Tadros admits that the Policy was reinstated on April 11, 2006.  Tadros is without

sufficient information which to admit or deny the remaining allegations contained in Paragraph

17 and therefore denies same.

18.    The policy carried a face insurance amount of $100,000.00.

**ANSWER:**    Tadros refers to the text of the Policy for its full and complete terms and denies

any characterizations contrary thereto.

19.    The Policy stated that, "[t]his policy and any attached copy of an application, including an application requesting a change, form the entire contract.  We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them; ….We rely on those statements when we issue the contract and when we change it.  We will not use any statement, unless made in an application, to try to void the contract, to contest a change, or deny a claim."

**ANSWER:**    Tadros refers to the text of the Policy for its full and complete terms and denies

any characterizations contrary thereto.

20.    The Application further provided that Prudential could contest the reinstatement within two years of the reinstatement date.

**ANSWER:**    Tadros refers to the text of the Policy for its full and complete terms and denies

any characterizations contrary thereto.

21.    In October of 2006, Tadros submitted a claim for a waiver of premium based on disability.  An Attending Physician's Statement of Disability, as well as a recorded telephone call with Prudential Disability Claims Examiner Victoria Adamsky indicated that Tadros had become disabled as of November of 2004 due to neck pain and tingling and numbness in his hands.

**ANSWER:**    Tadros admits that in or around October of 2006, he submitted a claim for a

waiver or premium based on disability.  Tadros is without sufficient information with which to

admit or deny the contents of a recorded telephone conversation particularly in light of the fact

that Prudential does not allege that Tadros was a party to this recorded telephone conversation,

and therefore denies same.   Tadros does not presently have a copy of the Attending Physician's

Statement and therefore lacks sufficient information with which to admit or deny its contents and

therefore denies same pending review of the statement.   Tadros denies the remaining allegations

contained in Paragraph 21.

22.    Tadros represented in his Application that he had not "been diagnosed with or treated by a member of the medical profession for: any disorder of the brain or nervous system." The medical records of Dr. Michael Hausch, however, show that Tadros was diagnosed as disabled with Carpal Tunnel Syndrome as of March of 2001.

**<u>ANSWER:</u>**    Tadros refers to the text of the Policy for its full and complete terms and denies

any characterizations contrary thereto.   Tadros is without sufficient information with which to

admit or deny the allegation regarding the contents of the medical records of Dr. Michael Hausch

and therefore denies same pending a review of the records.   Answering further, Tadros states that

Dr. Hausch is his Chiropractor and only treated him for his back problems.

23.    Tadros represented in his Application that he had no "disease, disorder or condition not previously mentioned."  The medical records, however, show that his disability due to Carpal Tunnel Syndrome was first diagnosed in March of 2001.

**<u>ANSWER:</u>**    Tadros denies each and every allegation contained in the first sentence of

Paragraph 23.  Tadros specifically denies that he represented in his Application that he had no

"disease, disorder, or condition not previously mentioned."  Answering further, Tadros refers to

the Application, Exhibit A to Plaintiff's Complaint, in which he responded <u>yes</u> to the question,

"Does anyone have any disease, disorder, or condition not previously mentioned."  (*See* Exhibit

A, Page 3 of 6, Question 6.)  Tadros is without sufficient information with which to admit or

deny the contents of these medical records referenced by Plaintiff and therefore denies same

pending a review of the records.

7

24.     If Prudential had known the truth about the condition of Tadros health and his medical history, it would not have reinstated the Policy.

**ANSWER:**     Tadros is without sufficient information with which to admit or deny any actions that Prudential would have taken and therefore denies same.  However, Tadros denies the implication that Prudential did not possess "the truth" about his condition.

25.     Pursuant to the Policy terms permitted Prudential to contest the Policy reinstatement within two years of the date of issuance, by letter dated September 27, 2007, Prudential informed Tadros that the reinstatement was being rescinded due to the material misrepresentations made in the Application.  Prudential has returned all premiums collected on this policy since 2006 in the form of Prudential check number 1641274034, in the amount of $10,324.78, issued March 7, 2008.  A true and correct copy of the September 27, 2007 letter sent to Tadros is attached hereto as Exhibit B.

**ANSWER:**     Tadros refers to the text of the Policy for its full and complete terms and denies any characterizations contrary thereto.  Tadros admits that Prudential has wrongfully and vexatiously attempted to rescind the Policy.  Tadros admits that Prudential sent him the referenced letter attached as Exhibit B to the Complaint.  Tadros admits that Prudential sent him a check but denies that the amount of said check equals a return of all of the premiums collected on the Policy since 2006.  Tadros denies that he made any material misrepresentations in the Application and denies the remaining allegations contained in Paragraph 25.

26.     Tadros, as of this date, has not cashed the check.

**ANSWER:**     Tadros admits the allegations contained in Paragraph 26.

## CAUSE OF ACTION (RESCISSION)

27.     Plaintiff hereby re-alleges Paragraphs 1 through 26.

**ANSWER:**     Tadros repeats and re-asserts his responses to Paragraphs 1-26 as if stated fully herein his response to Paragraph 27.

28.     As detailed in Paragraphs 12 and 13, Tadros in his Application made numerous misrepresentations and omissions of the true state of his medical condition.

**ANSWER:**    Tadros denies each and every allegation contained in Paragraph 28.

29.    Each misstatement and omission made by Tadros in his Application is material because they affect the risks taken by Prudential in its decision to reinstate the Policy.  *See* Ill. Rev. Stat. ch. 73, p 766.

**ANSWER:**    Paragraph 29 states a legal conclusion for which no response is necessary or

appropriate.    To the extent that a response to Paragraph 29 is necessary, Tadros denies the

allegations contained in Paragraph 29.

30.    Plaintiff Prudential relied on the trust of the statements made by Tadros in his Application in making the decision to reinstate the Policy.

**ANSWER:**    Tadros is without sufficient information with which to admit or deny the

allegations contained in Paragraph 30 and therefore denies same.

31.    Had Pruco [sic] known the true state of the facts misrepresented by Tadros it would not have reissued the Policy.

**ANSWER:**    Assuming the "Pruco" is supposed to refer to Plaintiff Prudential, Tadros is

without sufficient information with which to admit or deny the allegations regarding what

Prudential would or would not have done.  However, Tadros denies the implication he made any

misrepresentations or that Prudential was without a full and accurate picture of his health when it

reinstated the Policy.  Tadros denies the remaining allegations contained in Paragraph 31.

32.    Accordingly, the Policy is void ab initio as of the reinstatement date of April 11, 2006, and Prudential is entitled to a rescission of the Policy.

**ANSWER:**    Paragraph 32 states a legal conclusion for which no response is necessary or

appropriate.  To the extent that a response is necessary, Tadros denies the allegations contained

in Paragraph 32.

Dated: June 9, 2008                        Respectfully submitted,

                                            HANI S. TADROS

                                            By: /s/    Henry M. Baskerville
                                                        One of His Attorneys

William P. Ziegelmueller (Ill. Bar No. # 6226438)
Henry M. Baskerville (Ill. Bar No. #6285712)
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 338-0200
bziegel@stetlerandduffy.com
hbasker@stetlerandduffy.com

10

<u>**CERTIFICATE OF SERVICE**</u>

I, Henry Baskerville, an attorney, certify that I caused a copy of the foregoing **Answer to Plaintiff's Complaint** to be served on the attorney listed below via the Court's CM/ECF system this 9th day of June, 2008

/s/    Henry M. Baskerville

To:    Mitchell K. Rovner
       Morgan, Lewis & Bockius LLP
       77 West Wacker Drive, 5th Floor
       Chicago, IL 60601
       (312) 324-1000
       mrovner@morganlewis.com

       *Attorney for Plaintiff*

11