UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) vs. ) ) HANI S. TADROS, ) ) Defendant. ) | Civil No. 08 cv 2093<br><br>Hon. Robert W. Gettleman<br><br>Magistrate Judge Keys |

### INITIAL STATUS REPORT

**A.   Date/Time of Status**

This matter is set for a status conference on September 9, 2008 at 9:00 a.m.

**B.   Attorneys of Record**

For Plaintiffs: Kimberly E. Rients Blair, Gordon & Rees, LLP, 1 N. Franklin, Suite 1800, Chicago, IL 60606.

For Defendants: William P. Ziegelmueller and Henry M. Baskerville of Stetler & Duffy, Ltd., 11 S. LaSalle St., Ste. 1200, Chicago, IL 60603.

**C.   Basis for Federal Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

**D.   Jury Demand**

No jury demand has been requested.

**E. Nature of the Claims Asserted**

//5936094v.1

This is an action to rescind Policy No. 77 616 919, an Estate Whole Life contract with a face value of $100,000 issued to Hani S. Tadros on February 1, 1992. The Policy initially lapsed with a paid to date of December 1, 2000 (the "Policy"). In April of 2006, Tadros applied for a reinstatement of the Policy. It is Prudential's position that Mr. Tadros made a material misrepresentation on his application for reinstatement in stating that he had not suffered any disability between the time of the lapse of the Policy and the time of the application for reinstatement. Based on this information, Prudential reinstated the Policy.

In October of 2006, Mr. Tadros submitted a claim for disability, citing tingling and numbness in his hands, and neck pain, beginning in November of 2004. After the disability claim was made, Prudential began an investigation. Prudential alleges that its investigation of Mr. Tadros' medical records revealed a previous diagnosis of disability in March 20001 due to Carpal Tunnel syndrome. It is Prudential's position that Mr. Tadros did not disclose these material facts about his medical history and the condition of his health on his application for reinstatement, which he certified to be true at the time it was made. It is further Prudential's position that Prudential relied on Mr. Tadros' representations in making its determination to reinstate the Policy and would not have done so had it been aware of the true facts concerning Mr. Tadros' medical history and condition.

Defendant Tadros specifically denies that Carpal Tunnel Syndrome was the basis for his disability claim in October 2006 and specifically denies that he failed to disclose the medical condition that was the basis for his October 2006 disability claim. Defendant Tadros further denies that he made any misrepresentations or misstatements that would have led Prudential to an inaccurate assessment of the risks involved in the reinstatement of the Policy. Defendant Tadros did not file any counterclaims or affirmative defenses.

**F.      Relief Requested**

//5936094v.1

Prudential seeks rescission of the Policy, a declaration that the Policy is void ab initio as of the reinstatement date of April 11, 2006 and unenforceable, reasonable attorneys fees and costs.

### G.      Name of Additional Parties

No other additional parties have yet to be named or served.

### H.      Principal Legal Issues

The principal legal issue is whether the representations made by Mr. Tadros in the application for reinstatement were material misrepresentations entitling Prudential to rescission of the Policy under Illinois law.  215 ILCS §  5/154.

### I.      Principal Factual Issues

The principal factual issues are (1) whether Mr. Tadros made any misrepresentations in his application; and (2) whether any of the alleged misrepresentations were material to the risk.

### J.      Anticipated Motions

Defendant answered the Complaint.  Plaintiff anticipate filing a Motion for Summary Judgment after discovery is taken.

### K.      Proposed Discovery Plan

No discovery has taken place in this action.  The parties anticipate the need to take discovery with respect to Mr. Tadros' medical history, including the deposition of Mr. Tadros and the several physicians who treated Mr. Tadros.  In addition, it may be necessary for the Defendant to take the deposition of certain personnel at Prudential involved in the decision to reinstate the Policy and those individuals who conducted the investigation

      (a)     Date for Initial Disclosures:  September 23, 2008

      (b)     Cut-off for non-expert discovery: March 23, 2009

      (c)     Disclosure of expert witnesses: May 22, 2009

      (d)     Cut-off for expert witness discovery: July 24, 2009

      (e)     Proposed changes on the limits of discovery: none

(g)    Protective orders:  Because this case will deal with Mr. Tadros' sensitive medical information, it may be necessary to place a protective order on that information.

(h)    Timing, sequencing, phasing or scheduling of discovery:  The parties do not anticipate the need for special sequencing or phasing of discovery.

**L.    Earliest Date the Parties Would be Ready for Trial**

Prudential anticipates being ready for trial on October 5, 2009 and anticipates a 5-day trial.

**M.    Status of Settlement Discussions**

The parties have engaged in initial settlement discussions with no resolution.

**N.    Consent to Trial Before Magistrate**

Prudential is unwilling to try this matter before the Magistrate.

GORDON & REES, LLP                                    STETLER & DUFFY, LTD.

By:_____    By:_____
       Kimberly E. Rients Blair                                     Henry M. Baskerville

1 N. Franklin                                                    11 S. LaSalle, Suite 1200
Suite 1800                                                        Chicago, IL 60603
Chicago IL 60606                                             Telephone:  312-338-0200
(312) 980-6766 phone                                    hbasker@stetlerandduffy.com
(312) 565-6511 fax
kblair@gordonrees.com

*Attorney for Prudential Insurance Company of America*    *Attorney for Hani S. Tadros*